## Nursing Home Provider Agreements

KANE, Attorney General, YAKOWICZ, Solicitor General, and ANDERSON, Deputy Attorney General, December 23, 1976 — On June 15, 1976 we issued Official Opinion No. 76-18, 74 D. & C. 2d 21, in which we concluded that the issuance of nursing home provider agreements under the Medicaid program was transferred to the Department of Health by Reorganization Plan No. 3 of 1975 while supervision of this function remained in the Department of Public Welfare. The pertinent language of the Reorganization Plan states:

"The functions, powers and duties of the Department of Public Welfare as set forth in Articles II, IV, IX and X, Act of June 13, 1967 (P.L. 31, No. 21), known as the 'Public Welfare Code,' with regard to the Social Security Act, insofar as it applies to skilled nursing homes' and intermediate care nursing homes' provider agreement certification and issuance, *except those powers necessary for the Department of Public Welfare to retain its status as the Single State Agency in compliance with the Social Security Act,* are hereby transferred to the Department of Health": section 2; 71 P.S. §756-3 (Emphasis supplied.)

Thus, it can be seen that we were required, in reaching our earlier conclusion, to interpret a Federal act and, in particular, certain Federal regulations that make specific reference to the execution of an agreement with the Single State Agency. We said that, in our opinion, those references were descriptive rather than operative and should not be construed as *requiring* that the Single State Agency perform the administrative function of executing the provider agreements.

In issuing such opinion, we were not unmindful that the interpretation of Federal regulations is

more appropriate for Federal attorneys. For this reason, preliminary drafts of the opinion were submitted to the Department of Health, Education and Welfare, prior to its issuance, and informal assurances were received from that department indicating no disagreement.

Now, however, by letter dated November 16, 1976, from Alwyn L. Carty, Regional Commissioner, SRS, Department of Health, Education and Welfare, we have been advised that the Federal government disagrees with our opinion and, in particular, disagrees with our interpretation of the Federal regulations. On page 2 of the letter, Mr. Carty states:

"Additionally, the references made in Federal regulations . . . are not by any means meant to be descriptive rather than operative as stated in the opinion of the Pennsylvania Attorney General."

While we do not necessarily agree with Mr. Carty's legal reasoning, we do recognize that considerable weight should be given to the Federal government's interpretation of Federal regulations. For this reason, we will yield to Mr. Carty's opinion and withdraw the conclusion reached in our prior opinion. It is, therefore, our opinion now that the administration of the provider agreement issuance function was not transferred to the Department of Health by Reorganization Plan No. 3 and that it continues to be the responsibility of the Department of Public Welfare.

In other words, since the Reorganization Plan explicitly limited transfer of nursing-home-related functions by excepting "those powers necessary for the Department of Public Welfare to retain its status as the Single State Agency in compliance with the Social Security Act," and since the De-

partment of Health, Education and Welfare has now ruled that the transfer of issuance of nursing home provider agreements would jeopardize that status, we now conclude that the transfer of that function has never occurred as a matter of law.

As a practical matter, the actual transfer to the Health Department has never occurred. Although we urged the transfer to be expedited in a footnote to our prior opinion, the transfer was held up pending the official reaction of the Department of Health, Education and Welfare to our opinion. This is consistent with section 501 of the Administrative Code (71 P. S. §181) which authorizes departments to "devise a practical and working basis for cooperation and coordination of work, eliminating, duplicating, and overlapping of functions. . ."

Official Opinion No. 76-18 is hereby overruled.